Opinion by Wilson, J. In accordance with stipulation of counsel that the merchandise consists of glass decanters, wholly or in chief value of glass, blown or partly blown, in the mold or otherwise, cut or engraved, valued at $3 or more each, the claim of the plaintiff was sustained.

**No. 60795.**—Merchants Overseas Co. et al. *v.* United States, protests 260440–K, etc. (New York).

Opinion by Wilson, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted; (2) the items marked with the letters "B" and "C" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted; and (3) the items marked with the letter "D" at 30 percent under the same provision in said paragraph, as modified by T. D. 51802 and T. D. 51898, for imitation semiprecious stones, not cut or faceted.

**No. 60796.**—Merchants Overseas Co. *v.* United States, protests 261524–K, 266513–K, and 267730–K (New York).

Opinion by Wilson, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted, and (2) the items marked with the letters "B" and "C" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted.

**No. 60797.**—Merchants Importing, Inc. *v.* United States, protests 277185–K, etc. (New York).

Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted, and (2) the items marked with the letters "B" and "C" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted.

No. 60798.—F. B. Vandegrift & Co. v. United States, protest 145619–K (Philadelphia).

Opinion by WILSON, J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).   In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rates applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in the schedule included in the stipulation.

BEFORE THE SECOND DIVISION, MAY 29, 1957

No. 60799.—Printrade Machinery Corp. and Trans-Marine Shipping Co. v. United States, protests 198398–K, 199013–K, and 209588–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of bronzing and dusting machines and parts thereof the same in all material respects as those the subject of *Trans Marine Shipping Co.* and *Printrade Machinery Corp.* v. *United States* (37 Cust. Ct. 192, C. D. 1822), the claim of the plaintiffs was sustained.